**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                  **Criminal Action No. 3:01-CR-25-5**
                                      **Civil Action No. 3:12-CV-83**
**WENDELL EDWARD BETANCOURT,**     **(BAILEY)**

    Defendant.

## ORDER DENYING MOTION

Pending before this Court is defendant's *pro se* Motion to Obtain Relief from a Final § 2255 Order under Federal Rule of Civil Procedure 60(b), in Light of Miller v. United States, No. 13-6254, August 21, 2013, with Incorporated Memorandum of Law [Doc. 828]. Finding that the defendant is not entitled to relief for a number of reasons, this Court will deny the Motion.

The defendant, Wendell Edward Betancourt, was charged in one count of a 19 count indictment on December 5, 2001 [Doc. 1]. On March 14, 2002, the defendant entered a plea of guilty to Count 1 of the Indictment charging him with conspiracy to possess with the intent to distribute and to distribute fifty grams or more of cocaine base [Doc. 248]. The defendant's plea agreement stipulated that the applicable relevant conduct was 158.7439 grams of cocaine base [Doc. 218]. The plea agreement also contained a waiver of the right to appeal his sentence or to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

1

The original sentencing judge found a base offense level under the career offender guideline to be 37, less three levels for acceptance of responsibility, for a total offense level of 34. With a criminal history category of VI, the guidelines provided a sentencing range of 262-327 months. The sentencing judge then departed to a guideline level based upon drug quantity of 34, less three levels for acceptance of responsibility, for a total offense level of 31. The judge retained the career offender criminal history category of VI, which provided a sentencing range of 188-235 months. The Judge sentenced the defendant to a sentence of 220 months [Doc. 346].

The defendant appealed to the United States Court of Appeals for the Fourth Circuit, which on July 10, 2003, dismissed the appeal [Doc. 438].

On September 3, 2004, this defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [Doc. 459]. The Court denied the Motion by Order entered April 27, 2006 [Doc. 558]. The defendant appealed the decision to the Fourth Circuit, which, by Order filed April 3, 2007, dismissed the appeal [Doc. 607].

On April 14, 2008, this defendant filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking the benefit of the 2007 cocaine base amendment [Doc. 649]. This Motion was denied by Order entered May 30, 2008, on the basis that the guideline for a career offender did not change [Doc. 661]. On June 12, 2008, the defendant filed a Motion to Alter or Amend Order/Motion for Reconsideration [Doc. 666], which was denied by this Court the next day [Doc. 668]. The defendant appealed both Orders to the Fourth Circuit, which by decision filed August 5, 2009, affirmed the decisions [Doc. 717].

On August 23, 2012, the defendant filed a second motion under 28 U.S.C. § 2255, contending that one of the charges underlying the career offender finding was in fact a misdemeanor [Doc. 790].  By Order entered August 27, 2012, this Court denied the Motion, finding that the decisions in **Carachuri-Rosendo v. Holder**, 560 U.S. 563 (2010) and **United States v. Simmons**, 649 F.3d 237 (4th Cir. 2011) (en banc) were not retroactive to cases on collateral attack per **United States v. Powell**, 691 F.3d 554 (4th Cir. 2012) [Doc. 796].

On September 10, 2012, the defendant filed a Motion for Reconsideration Motion to Set Aside, Vacate, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3), or § 2255(f)(4) or § 2241, or Pursuant to a Writ of Error Coram Nobis under the All Writs Act, § 1651(a) [Doc. 802].  By Order entered October 4, 2012, this Court denied the Motion for Reconsideration [Doc. 804].  The defendant appealed the decision to the Fourth Circuit, which, by decision filed February 7, 2013, dismissed the appeal [Doc. 811].

On February 22, 2013, the defendant filed a Motion for Reduction of Sentence under the Fair Sentencing Act of 2010, Pursuant to 18 U.S.C. § 3582(c)(2), Amendment 750 and United States v. Freeman, 131 S.Ct. 2683 (2011) [Doc. 813].  This Court denied that Motion by Order entered March 19, 2013 [Doc. 816].  The defendant appealed that decision to the Fourth Circuit, which by decision dated July 9, 2013, affirmed the decision of this Court [Doc. 823].

On October 3, 2013, the defendant filed his Motion to Obtain Relief from a Final § 2255 Order under Federal Rule of Civil Procedure 60(b), in Light of Miller v. United States, No. 13-6254, August 21, 2013, with Incorporated Memorandum of Law [Doc. 828], which

3

is pending and the subject of this Order.

In his Motion, the defendant argues that this Court should reconsider its prior Order inasmuch as the Fourth Circuit held that *Simmons* is retroactive in *Miller v. United States*, __ F.3d __, 2013 WL 4441547 (4th Cir. August 21, 2013). While the defendant is correct that the Fourth Circuit held that *Simmons* is retroactive, this Court "notes that the Fourth Circuit has not separately considered whether *Simmons* is 'retroactively applicable' to a § 2255 motion involving only a Guidelines determination. . . . [I]n *Simmons,* the Fourth Circuit clarified that certain North Carolina convictions are not and were not ever 'felonies.' This clarification has been applied to cases involving career offender calculations under the Guidelines in cases that were on appeal, but were not final, after the decision in *Simmons. See, e.g., United States v. Jones,* 667 F.3d 477 (4th Cir. 2012) (remanding for resentencing following direct appeal of career offender determination in light of *Simmons).* Thus, the relevant issue is not whether *Simmons* is 'retroactive' prior to a certain date; the issue is whether it is retroactively applicable on collateral review to an otherwise final sentence, in light of *Teague v. Lane,* 489 U.S. 288 (1989). It is possible that the Fourth Circuit will conclude that *Simmons* is retroactively applicable on collateral review only for certain types of cases, such as those involving improper convictions under § 922(g)(1) or sentences under § 924(e) that result in a sentence above the statutory maximum that would otherwise apply. However, in light of the holding in *Miller,* it appears that *Simmons* itself is potentially applicable on collateral review, and most courts considering similar issues of 'retroactivity' and 'cognizability' analyze these potentially intersecting doctrines by considering whether a challenge to a career offender determination is 'cognizable' on

4

collateral review. *See, e.g.,* **Sun Bear v. United States***,* 644 F.3d 700, 703-04 and n. 6 (8th Cir. 2011); *but see* **Hawkins v. United States***,* 724 F.3d 915, 2013 WL 3942324 (7th Cir. July 31, 2013) (Posner, J.) (noting that errors in applying the advisory Guidelines are considered 'procedural errors,' and concluding as a result that cases reinterpreting the advisory Guidelines are 'procedural' and 'don't have retroactive application'). Because this Court concludes that the career offender challenge is not cognizable on collateral review in the Fourth Circuit . . . the Court will not undertake a separate determination of whether **Simmons** is 'retroactively applicable on collateral review' to some types of claims but not others." **United States v. Foote***,* 2013 WL 5355543, *4 (M.D. N.C. September 24, 2013) (Leake, MJ).

Assuming, but not deciding that **Simmons** is retroactively applicable to this type of proceeding, this Court finds that the defendant remains unable to prevail for a number of reasons.

First, as noted above, the defendant waived his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.

Second, this Motion is a second or successive motion which was filed without being certified by a panel of the Fourth Circuit in violation of 28 U.S.C. § 2255(h). "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a '"gatekeeping" mechanism.' **Felker v. Turpin***,* 518 U.S. 651, 657 (1996). Specifically,

'[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.' 28 U.S.C. § 2244(b)(3)(A)." **Noggin v. Wilson**, 2013 WL 5603226 (E.D. Va. October 11, 2013) (Spencer, J.).

Third, the Motion is untimely. Under 28 U.S.C. § 2255(f), a one year limitation applies to motions brought under that section. This one year period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

Inasmuch as the defendant's appeal to the Fourth Circuit was dismissed on July 10, 2003, his conviction became final on or about October 10, 2003. The defendant cannot fit within any of the other provisions as well. The cases upon which he rests his Motion, **Simmons** and **Miller**, are not decisions of the United States Supreme Court. Furthermore,

6

*Carachuri* has not been held to be retroactive to cases on collateral review. *See* **United States v. Powell**, 691 F.3d 554, 560-61 (4th Cir. 2012) and **Miller**, at *2.

Fourth, the defendant may not rely upon 28 U.S.C. § 2241. "A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence. **In re Vial**, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). In limited circumstances, however, § 2255 'is inadequate or ineffective to test the legality of [the] detention.' 28 U.S.C.A. § 2255(e). Prisoners relying on this provision (often referred to as the 'savings clause') may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241. **In re Jones**, 226 F.3d 328, 333 (4th Cir. 2000)." **Farrow v. Revell**, 2013 WL 5546155, *1 (4th Cir. October 9, 2013).

This Court notes that the defendant is not confined in this District. Even if he were, § 2241 provides no avenue for relief. The Fourth Circuit has concluded that a § 2255 motion is inadequate or ineffective, thereby permitting a petition under § 2241 to be used to test the legality of a conviction, when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

**Farrow** at *1, citing **In re Jones**, 226 F.3d 328, 333-34 (4th Cir. 2000).

7

In *Farrow*, the Fourth Circuit held that the defendant's challenge to his armed career status was not cognizable under a § 2241 petition. *See **United States v. Poole**,* 531 F.3d 263, 267 (4th Cir.2008), in which the Fourth Circuit held that the savings clause only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of sentencing factor.

As noted by Judge Spencer in **Noggin**, *supra:*

"Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence." **Poole**, 531 F.3d at 267 n. 7 (citing **In re Jones**, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge their designation as a career offender. *See **Darden v. Stephens**,* 426 Fed.App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction. . .."); **Little v. Hamidullah**, 177 Fed.App'x 375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); **Boynes v. Berkebile**, 2012 WL 1569563, at *6 (S.D. W.Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in **Jones** to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentence[ing] guideline enhancement."). Because Noggin challenges only the validity of his sentence and not the legality of his

underlying conviction, he cannot pursue such a challenge by a § 2241 petition. *See Wilson,* 2012 WL 1245671, at *3.

2013 WL 5603226, at *3-4.

Fifth and finally, the record fails to support defendant's contention that the finding of career offender is in any way improper. While he contends that his conviction for possession with intent to distribute a controlled substance in the Philadelphia Court of Common Pleas was a misdemeanor, the portion of the presentence report which he attached to his Motion notes that "[t]he United States Probation Office, for the Eastern District of Pennsylvania, provided documentation that verified Count One was a felony." [Doc. 802-1]. In addition, the crime of possession with intent to deliver a controlled substance in Pennsylvania is clearly a felony. *See* 35 P.S. § 780-113.[1]

For the reasons stated above, defendant's *pro se* Motion to Obtain Relief from a Final § 2255 Order under Federal Rule of Civil Procedure 60(b), in Light of Miller v. United States, No. 13-6254, August 21, 2013, with Incorporated Memorandum of Law **[Doc. 828]** is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record

---

[1] In his Motion for Reconsideration [Doc. 802], the defendant also references a writ of coram nobis. Relief pursuant to a writ of *coram nobis* should be limited to petitioners who are no longer in custody on their conviction. *See* **Carlisle v. United States**, 517 U.S. 416, 428-29 (1996); *see also* **United States v. Orocio**, 645 F.3d 630, 634 n. 4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). The defendant was clearly in custody when this additional claim for relief was referenced. In any event, the Court has already concluded that this claim for relief is without merit and the petition will be denied.

herein and to mail a copy to the defendant.

**DATED:** November 8, 2013.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE